## DELAFIELD *a.* JAMES.

*New York Common Pleas; Special Term, July,* 1864.

PLEADING.—CAUSE OF ACTION.—AGREEMENT.

In an action by purchaser against vendor, an allegation in the complaint of an agreement to take the title if passed by counsel, and that counsel did not find the title good, is sufficient without alleging the defect in the title.

This was a motion to strike out certain portions of the complaint as irrelevant, and to render the complaint more definite and certain.

The complaint set out an agreement of the plaintiff to purchase certain lots in Twenty-ninth street, in the city of New York; and that $250 were to be paid on the execution of the agreement, and the balance on the delivery of the deed; that the agreement then continued:

"If the counsel for the party of the second part shall not find the title good and sufficient, this agreement shall be void, and

the parties of the first part (defendants) shall return the said $250."

The complaint then alleged the payment of the $250; that plaintiff instructed his counsel to examine the title; and that counsel did not find the title good and sufficient; that plaintiff notified defendant of this, and required the return of the $250. It also alleged special damages.

This motion was made to strike out the allegation of special damage as irrelevant or redundant, and to render the complaint more definite and certain by alleging the defect of the title. The court at an early stage of the argument refused to listen to the question of striking out the special damages.

*J. B. Elwood*, for the motion.

*Lewis L. Delafield*, opposed.—The parties have left the question whether the title was good or bad to the counsel of the purchaser, and the court will not now make a new agreement for them. (Williams *a*. Edwards, 2 *Simons' R.*, 78.)

BRADY, J.—The defendants agreed that if the counsel for the plaintiff should not find the title good and sufficient, the agreement to purchase should be void; and that they would return the consideration paid. I see no reason why they should not be held to this agreement. If the counsel for the plaintiff collusively declared the title bad, an action might be maintained against him and the plaintiff. There is no pretence of this, however. The defendants were not coerced to make the agreement in question, and having voluntary entered into it, they must assume all its obligations. The plaintiff had a right to protect himself against the contingency of a bad title, and to relieve himself from the trouble or delay of making it good, even if the defendants had the power to supply the omissions or correct the defects. He has done so. The case is analogous to Williams *a*. Edwards (2 *Simons' R.*, 78), and the motion, therefore, to make the complaint more definite and certain must be denied.

Order accordingly.